

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable O. F. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Mr. Lockhart:

Opinion No. 0-6363
Re: Whether or not a joint
stock company chartered
as a "guaranty company"
may amend its charter
so as to adopt the name
trust and guaranty com-
pany.

We have your letter requesting an opinion upon the above subject matter, as follows:

"Southern Guaranty Company, a joint stock company created under Chapter 2, Title 105 of the Revised Statutes, heretofore qualified to transact business under Section 2, Chapter 16, beginning with Article 4982 of the Revised Statutes.

"The Company has requested permission from this Department to change its name, by appropriate agreement among its stockholders, to Southern Trust and Guaranty Company.

"Will you please advise me whether this per-mission should be granted in view of Article 342--902 which is a part of the Banking Code passed by the last Legislature."

Article 2 of Chapter IX of Texas Banking Code of 1943 (Vernon's Codification Civil Statutes Article 342-902) in so far as is pertinent is as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"It shall be unlawful for any person,
corporation, firm, partnership, association
or common law trust: * * * to use the term
* * * 'trust' * * * in its name stationery
or advertising. Provided, however, that
this article shall not apply * * * (3) other
corporations heretofore or hereafter organized
under the laws of this state or of the United
States to the extent that such corporations
are authorized under their charter or the
laws of this state or the United States to
conduct such business or to use such term. * * *"

Clearly the applicant insurance company should
not be permitted to employ the word "trust" in its name
unless the corporation comes within exception (3) just
quoted.

It is our opinion the corporation does not come
within that exception. The history of this statute and
to the latest reenactment in the banking code shows that
it was for the purpose of avoiding deception and misleading
the public as to the character of the business conducted
by the corporation using such words as "bank", "bank and
trust", "savings bank", "trust", and other similar terms,
those terms being familiar terms in connection with bank-
ing business as known to the public.

Article 4982 of the Revised Civil Statutes men-
tioned by you is as follows:

"Any person or association of persons,
any State banking corporation or any other
domestic corporation, or any corporation
organized under the laws of any other State,
provided such foreign corporation complies
with the laws of this State, relating to
insurance other than life, may exercise the
following powers by complying with the pro-
visions of this subdivision:

"1.  Qualify as guardian, curator, executor, administrator, assignee, receiver, trustee by appointment of any court or under will, or depositary of money in court, without giving bond as such.

"2.  Become sole guarantor or surety in or upon any bond required to be given under the laws of this State, any other statute to the contrary notwithstanding."

Now the special authority conferred by this article is not limited to banks is true, it includes state banking corporations but it likewise includes any other domestic corporation and any other corporation organized under the laws of another state upon certain conditions. Moreover, it includes any person or association of persons. Special powers are not essential banking functions, nor indeed are they essential functions in connection with the corporate purpose of other corporations. They are mere extraordinary powers conferred upon the class of persons and corporations mentioned as in the nature of incidental powers possessed by an ordinary specific corporate purpose. This being true, there is no implied authority for the possessor of such extraordinary fiduciary powers to use the word "trust" for the advertisement of its business. To permit it to do so would be calculated to mislead the public. Moreover, the possession of such extraordinary statutory powers is not such as to authorize by statute the use of such words forbidden as "trust", neither should the charter do so where the effect is to offend the evil sought to be remedied or prevented by the prohibition of Article 2, Chapter IX of the Banking Code.

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY

Ocie Speer
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

OS:zd